IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VAUGHN KELLY SR.**                                                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 3:24-cv-11-MPM-JMV**

**THE KROGER CO., CAC OPERATIONS, LLC**
**and NOLAN BOOTH**                                                           **DEFENDANT**

<u>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE**</u>

This matter is before the Court on the Plaintiff's Motion to Compel, masquerading as a Motion in Limine[1], CAC and Nolan Booth to Supplement Disclosures Regarding Insurance Coverage [Dkt. 155]. The motion was filed April 18, 2025. Defendants CAC Operations, LLC ("CAC") and Nolan Booth filed their Joint Response in Opposition [Dkt. 157] on April 21, 2025. Plaintiff filed a reply brief [Dkt. 159] on April 21, 2025. For the reasons explained herein, the motion will be denied.

<u>**Background Information**</u>

Plaintiff Vaugh Kelly Sr. filed his complaint on January 10, 2024, asserting, in part, claims against Defendants Booth and CAC, stemming from an April 20, 2023, altercation where Booth, a tow truck driver employed by CAC, attempted to tow the Plaintiff's 18-wheeler semi-trailer truck from the parking lot of the Horn Lake Kroger, after a Kroger employee concluded the truck was illegally parked. [Dkt. 126]. Defendants CAC and Booth served their Initial Disclosures as

---

[1] Local Rule of Civil Procedure 72(d) prevents motions in limine regarding evidentiary matters from being referred to the Magistrate Judge. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Equal Emp. Opportunity Comm'n v. First Metroplitan Fin. Serv., Inc*., 515 F. Supp. 3d 573, 574 (N.D. Miss. 2021). The present motion, though styled as a motion in limine, does not ask the Court to rule on admissibility or relevance of evidence, but instead asks the Court to compel Defendants to supplement their disclosures as required under Federal Rule of Civil Procedure 26. Based on the relief requested, the motion will be treated as a Motion to Compel Disclosure, not as a Motion in Limine. *See United States v. Fraley*, 9 F.3d 103 (5th Cir. 1993) (construing motion based on relief requested instead of motion title).

1

required by Federal Rule of Civil Procedure 26(a)(1) on April 19, 2024. [Dkt. 43]. Booth and CAC supplemented their disclosures on November 11, 2024. [Dkt. 94]. The original disclosure filed on April 19, 2024, states in relevant part:

> **D. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**
>
> Not applicable.

[Dkt. 157-1] at 4.

This representation that there is no applicable insurance agreement is repeated in the supplemental disclosure filed on November 11, 2024. [Dkt. 157-2] at 5. The discovery period in this case closed on November 15, 2024. [Dkt. 77]. A final pre-trial conference was held on April 16, 2025, before the undersigned. There, defense counsel, at Plaintiff's counsel's request, reaffirmed that CAC and Booth have no insurance under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payment made to satisfy the judgment. The instant motion was filed two days after the final pre-trial conference on April 18, 2025. Trial is set for May 19, 2025. [Dkt. 38].

**The Instant Motion**

In the instant motion, Plaintiff asserts:

> CAC and Booth's Core Disclosures Information filed on November 11, 2024, regarding their insurance coverage or indemnity to satisfy potential judgment, copy of which is attached as Exhibit 1, is incomplete and needs to be supplemented pursuant to F.R.C.P Rule 26….
> Plaintiff prays for the following:
> a. Order compelling defendants CAC and Booth to supplement their disclosures regarding its resources to satisfy potential judgment against them in this lawsuit pursuant to F.R.C. P. Rule 26.

2

>b. Order compelling defendants to disclose resources of how they are able to afford attorney's fees and litigation expenses.
>c. General relief.

[Dkt. 155].

In his memorandum in support of the instant motion, Plaintiff re-phrases his request for relief as follows:

>Plaintiff prays for the following:
>a. Order compelling defendants CAC and Booth to supplement their disclosures regarding its resources to satisfy potential judgment against them in this lawsuit by providing all insurance coverage including personal automobile insurance and home insurance they may have as at April 20, 2023, pursuant to F.R.C.P. Rule 26.
>b. Order compelling defendants to disclose resources of how they are able to afford attorney's fees and litigation expenses.
>c. General relief

[Dkt. 156].

In their response in opposition to Plaintiff's motion, Defendants CAC and Booth assert:

>1. The initial disclosures required under Rule 26(a)(1), F.R.C.P. were provided to Plaintiff in a timely manner on April 19, 2024. [See Doc. 43].
>
>2. These disclosures addressed the required matters and explicitly informed Plaintiff and Plaintiff's counsel that Defendants do not have insurance coverage applicable to the allegations asserted in the Complaint. ….
>
>3. Defendants supplemented these disclosures on November 11, 2024. [See Doc. 94].
>
>4. Once again, the supplemental disclosures confirmed that no applicable insurance coverage exists.

[Dkt. 157].

In addition, Defendants assert that Plaintiff's purported motion in limine is actually a motion to compel filed long after discovery ran in the case; that Local Uniform Civil Rule 37(a) requires a good faith certificate before filing any motion to compel, which is absent here; that none

3

of the discovery Plaintiff propounded in the case or questions he posed at depositions during discovery sought any information concerning insurance coverage; that Plaintiff fails to show good cause to reopen discovery, and fails to even attempt to address any of the necessary elements to do so. *See* [Dkt. 157].

In their supporting oppositional memo, Defendants further assert that Rule 26(a)(iv) does not require production of all insurance policies a party may have, as Plaintiff appears to ask the Court to compel Defendants in the instant case to do, but only such policies under which an insurance business may be liable to satisfy all or part of a judgement. *See* [Dkt. 158].

In his reply memo, Plaintiff apparently abandons his assertion that Defendants' representation that they do not have an insurance agreement that might provide coverage for a judgment rendered against them in this case is false, to, instead reiterate his broader initial request by way of his purported motion in limine for an:

> a. Order compelling defendants CAC and Booth to supplement their disclosures regarding its resources to satisfy potential judgment against them in this lawsuit pursuant to F.R.C.P. Rule 26.
> b. Order compelling defendants to disclose resources of how they are able to afford attorney's fees and litigation expenses.

[Dkt. 159].

**The Law**

Federal Rule of Civil Procedure 26(a)(1) requires parties to provide certain information during discovery without it being requested by other parties. In relevant part, the rules require that parties share "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." F.R.C.P. 26(a)(1)(iv). The duty to disclose insurance coverage under F.R.C.P. 26(a)(1)(iv), is not a vehicle by which to preemptively discover if Defendants could,

4

absent such insurance coverage, pay any potential judgment. *See*, e.g., *Dickson v. Nat'l Maintenance & Repair of Ky., Inc.,* No. 5:08–CV–8, 2011 WL 2610195, at *1–2 (W.D. Ky. July 1, 2011) (unpublished) (denying motion to reopen discovery to permit plaintiff to seek discovery of reservation of rights letters and information about the defendant's assets and ability to pay a judgment) (citing *Ranney–Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.,* 75 F.R.D. 3, 5 (S.D. Ohio 1977)); *U.S. for the Use and Benefit of P.W. Berry Co. v. Gen. Elec. Co.*, 158 F.R.D. 161, 164 (D. Or. 1994) (granting motion for protective order in a breach of contract action, precluding pre-judgment discovery of corporate and individual financial information including tax returns and financial statements, because that information was not relevant within the meaning of Rule 26(b)(1)); accord *James Wm. Moore, 6 Moore's Federal Practice* § 26.41[8][a] (Matthew Bender 3d ed. 2011) (discussing the increasingly restrictive standards pertaining to discovery of a party's financial condition and stating that "[t]he relevancy requirement is not met when a party wants to know the opposing party's assets prejudgment to determine what assets are available for attachment should that party succeed in obtaining a favorable judgment").

Furthermore, the undersigned finds persuasive an opinion from the Southern District of California, *In Excelsior Coll. v. Frye*, 233 F.R.D. 583 (S.D. Cal. 2006).In that case, the defendant timely disclosed that there was no policy of insurance coverage applicable to pay a judgment rendered on any of the plaintiff's claims. The court found that absent some indicia that the disclosure was false, the defendant had properly complied with its insurance disclosure obligation under Rule 26. *See id.* at 585. While plaintiffs argued that another insurance agreement must exist that was not provided to them, their motion was denied, as they provided no evidence that the representations of counsel that there was no other insurance agreement was false. *Id*.

When a party has failed to make a required disclosure, any other party may timely move to compel disclosure and for appropriate sanctions under F.R.C.P. 37(a). *Sieber v. Delta Air Lines, Inc.*, No. CV 17-13024, 2019 WL 2176976, at *1 (E.D. La. May 20, 2019). A motion to compel must be accompanied by a good faith certificate[2] and be filed in time so that it can be fully briefed and decided before the discovery deadline set forth in the Case Management Order expires. *Seiferth v. Helicopteros Atuneros*, No. 4:03CV463-P-B, 2008 WL 5234416, at *1 (N.D. Miss. Dec. 12, 2008); L.U. Civ. R. 7(b)(2) ("Discovery motions must be filed sufficiently in advance of the discovery deadline so as not to affect the deadline.").[3]

To the extent a party seeks to reopen or extend the discovery deadline so that a discovery motion can be litigated, it must first, pursuant to Federal Rule of Civil Procedure 16(b)(4), provide good cause to do so. As explained in *Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015), good cause is established by examining four recognized factors : "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id*.

## **Analysis**

---

[2] Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that any motion to compel include a certification "that the movant has in good faith conferred or attempted to confer" with the opposing party it seeks to compel "in an effort to obtain [discovery] without court action." F.R.C.P. 37. Rule 37(a) of the Uniform Local Rules of Civil Procedure requires before service of a discovery motion, "counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." L.U. Civ. R.37(a). Local Rule 37(a) requires that the movant attach a Good Faith Certificate, a form provided in the appendix to the rules on the Court's website, detailing the disputed issue and bearing the signature of all counsel. *Id*. Alternatively, a party may accompany a filed motion with an affidavit or a 28 U.S.C. § 1746 declaration detailing a lack of cooperation and requesting appropriate sanctions. *Id*.

[3] In a similar vein, a party has an obligation to supplement its initial disclosures with newly learned or acquired information, but it must do so before the close of discovery. *See* Local Rule 26(b)(1): "The discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by the Federal Rules of Civil Procedure must be made and by which all depositions must be concluded. Supplementation of disclosures must be concluded by the discovery deadline."

To the extent Plaintiff seeks to reopen discovery to revisit or to otherwise require Defendants CAC and Booth to change or supplement their initial disclosures regarding insurance coverage, the motion is denied. First, Defendants timely filed their initial disclosure in April 2024 representing that there was no applicable insurance coverage to satisfy any judgment on Plaintiff's claims against CAC and Booth. That representation was reiterated at least twice thereafter, in the Supplemental Disclosure filed in November 2024 and during the Final Pretrial Conference earlier this month. Moreover, Plaintiff has cited no evidence to demonstrate that these representations are false or inaccurate.[4]. In addition, because the discovery deadline pursuant to the CMO has long ago run, in order to reopen the matter to bring forward a proper motion to compel, Plaintiff would have had to demonstrate good cause to do so with reference to the four recognized factors delineated above. Plaintiff has not even attempted to do so.

Moreover, even had he attempted to, the suggestion that discovery should be reopened at this late date to test the veracity of a formal representation regarding insurance coverage first made as early as April 2024 and twice thereafter reaffirmed, is not colorable. There is simply nothing that has transpired since this representation was first made and then repeated to warrant such a late inquiry into the veracity of the representation via discovery pursuant to what is—despite its mislabeling—an untimely motion to compel.

Even assuming a motion to compel were otherwise proper, the instant motion is also due to be denied for failure to comply with the Local Rules' good faith resolution obligations of movant's counsel addressed above.

---

[4] Plaintiff suggests that the individual defendant driver of the truck owned by CAC and Booth has or may have, an auto insurance policy on any private vehicle he owns or may own and also that the Defendants' counsel are "a "high-powered defense firm" that "is pricy" but that is certainly not indicia, without more, that counsel has thrice misrepresented whether there is a policy of insurance that may pay any judgment on a claim of Plaintiff against either or both of them.

7

Lastly, as for Plaintiff's additional request that the Court order Defendants to "disclose resources of how they are able to afford attorney's fees and litigation expenses" [Dkt. 155] and to disclose what resources they have that might ultimately be utilized to satisfy a judgment in this case, no authority is provided for the same[5], nor is the request timely or properly made, as discussed above. For these reasons, these additional requests are denied.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion is **DENIED.**

**SO ORDERED** this, the 28th day of April, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[5] On the contrary, Defendants provided ample authority for the opposite, as referenced above.