**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**VAUGHN KELLY, SR.**                                                     **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO. 3:24-cv-11-MPM-JMV**

**KROGER LIMITED PARTNERSHIP I,**
**CAC OPERATIONS LLC,**
**AND NOLAN BOOTH**                                   **DEFENDANTS**

**ORDER**

This cause comes before the court on its own motion, addressing the status of plaintiff's negligent hiring claim against Kroger, based upon its decision to hire CAC as its exclusive towing provider. It seems clear that CAC acted as an independent contractor, rather than an employee of Kroger, in this case, and this court's research suggests that Mississippi law relating to claims for negligence in hiring an independent contractor is very much unclear. The primary authority in this context appears to be Section 411 of the Restatement Second of Torts, which provides that:

> An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
>     (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
>     (b) to perform any duty which the employer owes to third persons.

Restatement (Second) of Torts § 411 (1965).

However, this court has been unable to find any Mississippi cases adopting section 411, and plaintiff cited no such authority in his summary judgment briefing. [Docket entry 115]. Even if this court were to assume that the Mississippi Supreme Court would adopt section 411 in an appropriate case, liability only exists under that section for "physical harm" caused by the

1

contractor's actions. This would not seem to encompass what happened in this case and does not appear to cover plaintiff's claim for emotional distress damages.

Moreover, the comments to § 411 provide that:

> The employer of a negligently selected contractor is subject to liability under the rule stated in this Section for physical harm caused by his failure to exercise reasonable care to select a competent and careful contractor, but only for such physical harm as is so caused. In order that the employer may be subject to liability it is, therefore, necessary that harm shall result from some quality in the contractor which made it negligent for the employer to entrust the work to him. Thus, if the incompetence of the contractor consists in his lack of skill and experience or of adequate equipment but not in any previous lack of attention or diligence in applying such experience and skill or using such equipment as he possesses, the employer is subject to liability for any harm caused by the contractor's lack of skill, experience, or equipment, but not for any harm caused solely by the contractor's inattention or negligence.

Restatement (Second) of Torts § 411 (1965).

Based upon these standards, this court can discern a number of weaknesses in plaintiff's proof relating to his negligent hiring claim. First, it seems quite unlikely that a Horn Lake retail establishment either knew or should have known of the existence of the sort of prosecutions which CAC has faced in relation to its towing practices in other cities and states. Even if this court were to (generously) assume otherwise, this case involves Kroger's decision on April 20, 2023 to call CAC and request that it tow plaintiff's vehicle.[1] In this court's view, Kroger's actions in this regard are the ones regarding which its negligence (or lack thereof) in this case should be judged, and not highly speculative evidence regarding a hiring decision made months previously. This is particularly true considering the numerous legal uncertainties and limitations which exist in this context. In light of the above uncertainties and limitations, this court frankly believes that plaintiff himself should wish to proceed against Kroger based solely upon the much

---

[1] The parties disagree regarding whether plaintiff has any other proof of negligent conduct on the part of Kroger that day. This court will make its own decision in this regard after viewing the evidence at trial and instruct the jury accordingly.

clearer, and stronger, negligence theory which is available to him. Regardless of whether this is plaintiff's preference or not, this court concludes that his negligence claims against Kroger in this case should, in fact, be limited at trial to his claims that Kroger acted negligently on April 20, 2023, and not to its hiring decision months earlier.

In so concluding, this court emphasizes that 1) plaintiff has only been able to develop additional evidence relating to CAC's towing practices as a result of this court's indulgence and leniency and 2) this court's decision to give plaintiff additional time in this regard was largely based on its concerns, specific to CAC, that this company not be permitted to whitewash its past and falsely present itself as a reputable company to jurors. [Docket entry 164 at 2-4]. These same concerns do not exist with regard to Kroger. As will be recalled, this court continued this case last April so that additional discovery could be performed relating to CAC's towing practices. [Docket entry 164]. This court did so after plaintiff sought to introduce at trial online articles which, while inadmissible hearsay as to CAC, made very disturbing allegations regarding its business practices. For example, in describing CAC's (doing business as A1 Towing & Hauling) towing practices, one article stated that:

> Predatory towing practices appear to have reached an absurd and violent conclusion as arrests and lawsuits stack up around the Memphis, Tennessee, area, with agents of local towing company A1's Towing & Hauling reportedly stealing trucks and attacking drivers. For months now, reports of A1's towing practices involving armed agents booting and towing trucks, even with the driver in the cab, have steadily streamed out of Memphis.

See https://www.overdriveonline.com/regulations/article/15635856/truckers-carjacked-roughed-up-by-a1-towing-in-memphis-report.

Crucially, however, this article, like another relied upon by plaintiff, was published in October, 2023: several months after the April, 2023 incident in this case and a year after Kroger

3

decided to hire CAC.[2]  Thus, this online evidence is hearsay as to CAC and irrelevant as to Kroger.[3]  That being the case, if this case had gone to trial last April as scheduled, plaintiff would have clearly lacked evidence to support his negligent hiring claims against Kroger, and this court's decision to give plaintiff additional time in this regard was, once again, expressly based on its concerns specific to CAC, not Kroger.  Moreover, this court's continuance was based on its concerns regarding the overriding interests of justice and not based on a belief that plaintiff had earned a wholesale excusal of his failure to sufficiently develop, in a timely manner, proof in support of each of his claims.

The above considerations further inform this court's decision that it should not excuse the numerous legal and factual uncertainties which remain with regard to plaintiff's negligent hiring claim against Kroger.  It is clear to this court that plaintiff has failed to provide the necessary factual or legal support for such a negligent hiring claim against Kroger, and he will therefore be limited at trial to his negligence claims against Kroger based on its actions on April 20, 2023.

This, the 15th day of June, 2026.

  /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[2] https://wreg.com/news/local/shelby-county-da-dismisses-several-cases-involving-a1s-employees/

[3] As noted previously, however, the Fifth Circuit has made it clear that even evidence of bad acts occurring *after* the relevant events in a lawsuit may be used to show a defendant's intent under FRE 404(b).  *See United States v. Webb*, 625 F.2d 709, 710 (5th Cir. 1980); *United States v. Myers*, 550 F.2d 1036, 1044 n. 10 (5th Cir. 1977); *United States v. Peterson,* 244 F.3d 385, 392–93 (5th Cir. 2001).  Thus, non-hearsay evidence of subsequent bad acts by CAC is potentially admissible under 404(b).

4