**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**VAUGHN KELLY, SR.**                                                                                    **PLAINTIFF**


**VS.**                                                                **CIVIL ACTION NO. 3:24-cv-11-MPM-JMV**


**KROGER LIMITED PARTNERSHIP I,
CAC OPERATIONS LLC,
AND NOLAN BOOTH**                                                                     **DEFENDANTS**

**ORDER**

Today, on the day of trial, this court learned for the first time that defendant CAC would attempt to argue that Nolan Booth acted as an independent contractor in this case, for whose actions it should not be liable.  Frankly, tactics such as these merely heighten this court's concerns that it is dealing with a bad faith litigant in CAC, concerns which are heightened by its having also learned today that this defendant lacks liability insurance.  It is unclear to this court how a business can be operating in such a public-facing enterprise as a tow company without liability insurance, but, regardless, it has little difficulty in concluding that its belated efforts to wash itself of responsibility for Booth's actions are not well taken.  In so stating, this court notes that the pretrial order (PTO) gives no indication that Booth's status as an employee or independent contractor is a disputed issue of law or fact, and this fact, standing alone, is dispositive of this issue.  Indeed, the pretrial order lists dozens of factual and legal issues, and Booth's employment status is clearly the sort of issue which should have been raised in it, if CAC wished to contest this issue at trial.  This court, and its staff, have been preparing jury instructions based on the claims and issues raised in the PTO, and it is clearly improper for CAC to attempt to raise an entirely new issue such as this on the day of trial.

1

This court further notes that, in their recitation of the facts in the PTO "Defendants, CAC Operations and Nolan Booth" (listed together) state that:

> On April 20, Plaintiff, Vaughn Kelly, Sr., drove and parked his truck onto Kroger's parking lot. A1 dispatched one of its tow trucks to remove Kelly's commercial vehicle. Nolan Booth accompanied the driver as a helper and was a trainee of CAC tow commercial vehicles at the time.

[PTO at 5]. Thus, CAC admits that Booth was dispatched in its truck to the scene of the towing, and, in doing so, it seems clear that Booth was advancing CAC's purposes by serving as a "helper" in the towing and by gaining experience. Even assuming that there were potentially a valid dispute in this regard, this is a dispute which should have been raised in the pretrial order, at the very latest.

Moreover, CAC's own proposed jury instructions repeatedly make reference to itself and Booth together, and they even call for findings of negligence as to them both. For example, CAC's proposed instructions state:

> 1. Was CAC Operations, LLC and Nolan Booth negligent?
> YES _____ NO _____
> If your answer to question 4 is YES, then answer question 5. If you answered NO, go to Section C.
> 2. Did Vaughn Kelly suffer damages as a result of CAC Operations, LLC and Nolan Booth's negligence?
> YES _____ NO _____
> If your answer to question 5 is YES, then answer question 6. If you answered NO, go to Section C.
> 3. Was CAC Operations, LLC and Nolan Booth's negligence a substantial factor in causing Vaughn Kelly's damages?
> YES _____ NO _____

This court notes that, in its first proposed instruction quoted above, CAC uses a singular, not plural, verb tense for itself and Booth, making clear that it regarded them as a single entity for negligence liability purposes.

Elsewhere in its proposed instructions, CAC states that:

**JURY INSTRUCTION CAC/D-7**

The Plaintiff has alleged that CAC Operations LLC., and Nolan Booth committed gross negligence against him as to the manner and method of the tow that occurred in this case. Gross negligence is defined as a willful, wanton, or reckless disregard for the safety of others.

If you find CAC Operations LLC and/or Nolan Booth were willful, wanton, or reckless disregarded the safety of the Plaintiff, you should find for the Plaintiff on his claim of gross negligence. However, if you find that the Plaintiff failed to prove that either CAC Operations LLC and/or Nolan Booth were grossly negligent in the manner and means of the tow of Plaintiff's vehicle you should find for the Defendants.

- End quote –

This is merely a small selection of the numerous instances in which, throughout this litigation, CAC has treated itself and Booth as being one and the same for negligence purposes. This court therefore believes that CAC should be deemed judicially estopped from asserting otherwise at this late stage of the proceedings, and this constitutes additional reason for not permitting CAC to dispute Booth's status as its employee. This court does reserve judgment, however, on whether the jury should be asked to make separate findings as to CAC and Booth, as it relates to the plaintiff's malicious prosecution claim. As to this claim, this court believes that it is at least arguable that the filing of charges against plaintiff is something which should be regarded as outside the course and scope of employment, and this court will accordingly reserve judgment upon whether separate jury instructions should be issued on this claim. As to plaintiff's negligence claims, however, this court will instruct the jury to make a single finding of fault as to the actions of CAC and Booth, as is normally the case in a negligence action such as this one.

This, the 15th day of June, 2026.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

3