**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**VAUGHN KELLY, SR.**                                                                 **PLAINTIFF**


**VS.**                                                    **CIVIL ACTION NO. 3:24-cv-11-MPM-JMV**


**KROGER LIMITED PARTNERSHIP I,
CAC OPERATIONS LLC,
AND NOLAN BOOTH**                                                            **DEFENDANTS**

**ORDER**

Plaintiff Vaughn Kelly, now acting *pro se* in this case, has filed a motion for judgment as a matter of law, seeking for this court to set aside the jury's verdict in favor of defendants and to render judgment in his favor. In his motion, Kelly recites, once again, his version of the facts of this case, but this court's impression from trial was that it was the testimony of Horn Lake Police Officer Sedgwick Bailey which was likely crucial to the jury's verdict. This is because, since there was no video of the altercation between plaintiff and CAC's employee Nolan Booth, this case came down largely to the question of whether plaintiff's or Booth's version of events was deemed more credible by jurors. It was thus crucial that Officer Bailey strongly supported Booth's version of events at trial, testifying that plaintiff specifically told him that he had struck Booth and that Booth's face bore marks consistent with this having occurred. Moreover, unlike plaintiff and Booth, Officer Bailey had no financial interest at stake in this litigation, and this court therefore believes that his testimony was of crucial importance in the jury's verdict in favor of defendants.

In responding to the questions presented to it, the jury found that CAC had, in fact, been negligent in this case, but it also found that this negligence was not the proximate cause of

1

plaintiff's injuries. In the court's view, this verdict is consistent with one reasonable interpretation of the facts of this case, namely that CAC acted negligently with regard to certain actions which it took in towing Kelly's vehicle but that it was unforeseeable that plaintiff would have responded to those actions in as vociferous and violent a manner as, Booth testified, he did. Booth testified that, aside from striking his face, plaintiff used a sledgehammer to attempt to free his vehicle, and this court believes that this testimony, buttressed by that of Officer Bailey, could have reasonably led a jury to conclude that plaintiff's damages in this case were the result of his own actions and that these actions were not foreseeable to defendants. In a more general sense, this court believes that Officer Bailey's testimony likely caused the jury to regard plaintiff's own description of events as being less than truthful, and, needless to say, a jury's evaluation of the basic credibility of the litigants is of crucial importance in any civil action.

This court notes parenthetically that the jury's verdict mooted, two times over, the one factual issue which this court had regarded as a potentially close one in this case, namely the question of whether a negligent hiring claim against Kroger should have been submitted to the jury. This court's decision not to submit such a claim to the jury was based partly upon the fact that, even in response to specific e-mailed queries from this court (through its staff), plaintiff provided this court no authority suggesting that a cause of action even exists under Mississippi law for property damage caused by the negligent hiring of an independent contractor such as CAC.[1] This court discussed these legal issues in its June 15, 2026 order and will not repeat that discussion here. [Docket entry 257-1].

---

[1] This court further notes that, in his proposed jury instructions, plaintiff repeatedly relied upon an agency theory to attempt to assign vicarious liability to Kroger for CAC's actions. However, Mississippi's model jury instructions make it clear that an agency instruction is only appropriate in cases where, unlike with an independent contractor such as CAC, the hiring party has a right to control the actions of the party being hired. *See* Mississippi Plain Language Model Jury

In any event, the jury's findings that 1) Kelly acted as a trespasser in this case and 2) CAC's negligence was not the proximate cause of plaintiff's injuries each serve to moot the negligent hiring issue as to Kroger.  This is because Kroger owed no negligence duty to a trespasser such as plaintiff, and, further, the same chain of causation which was broken as to CAC based on the jury's findings was likewise broken as to any negligent hiring claim against Kroger.  This court does not regard either of the jury's findings above (or any of its findings in this case for that matter) to be unreasonable or contrary to the evidence at trial, and they are each fatal to plaintiff's negligence claims against Kroger, under any negligence theory.  This court believes that the trial in this case was a hard-fought one in which the jury performed its job diligently, and plaintiff's motion for a judgment as a matter of law will therefore be denied.

It is therefore ordered that plaintiff's motion for judgment as a matter of law is denied.

So ordered, this, the 6th day of July, 2026.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

instructions at page 226, citing Mississippi Model Jury Instruction - Civil 4:13.  The evidence at trial was clear that CAC, and not Kroger, controlled the manner in which the towing in this case was carried out, and it is thus apparent that CAC acted as an independent contractor, rather than as Kroger's agent, in this case.